**P SEND**
**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5490 PA (JCx) | Date | August 25, 2008 |
|---|---|---|---|
| Title | Sportwall Int'l, Inc. v. Cobalt Flux, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Karen Park | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant Cobalt Flux, Inc. ("Defendant") on August 21, 2008. Defendant asserts that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

    Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. When an action has been removed, and the amount in controversy is in doubt, there is a "strong presumption" that plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

    Here, Defendant has pointed to the allegations of Plaintiff Sportwall Int'l, Inc. ("Plaintiff"):

> In its Complaint, Sportwall asserts, among other things, that Cobalt (1) defrauded Sportwall such that Sportwall was forced to spend in excess of $1,000,000 in product development and (2) that Cobalt attempted to force

P SEND
JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-5490 PA (JCx) | Date | August 25, 2008 |
|---|---|---|---|
| Title | Sportwall Int'l, Inc. v. Cobalt Flux, Inc. | | |

Sportwall to violate the Sherman Antitrust Act, Clayton Act and Cartwright Act such that Sportwall was forced to "forego other lucrative opportunities" while expending "hundreds of thousands of dollars in product development necessitated by misrepresentations and failed promises of Cobalt Flux."  See, Complaint p. 3, ¶ 8; p. 4, ¶¶ 10 and 14 and p. 5, ¶ 15.  In addition, Sportwall seeks punitive and exemplary damages in addition to economic damages commensurate with the expenditures alleged above.  See, Complaint, p. 9, line 11.  Although Sportwall does not demand a specific sum at this stage, it is facially apparent from the Complaint that the amount in controversy is well in excess of $75,000.00, exclusive of the interest and costs Plaintiff also seeks.

(Notice of Removal, p. 2-3, ¶ 7.)  Defendant concedes, however, that Plaintiff has not sought a specific amount.  "If the amount in controversy is not clear on the face of the complaint . . . defendant must . . . . submit summary-judgment type evidence to establish that the actual amount in controversy exceeds $75,000."  Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted).

      The allegations in Defendant's Notice of Removal are conclusory and are not even supported by evidence that damages greater than $75,000 have been awarded in cases similar to this one.  See Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005); Beaver v. NPC Int'l, Inc., 451 F. Supp. 2d 1196, 1198 (D. Or. 2006) ("This court and others have sanctioned the introduction of decisions and awards in similar cases as evidence of the amount in controversy.").  Defendant has not met its burden to demonstrate that the amount in controversy exceeds $75,000 by a preponderance of the evidence.  See Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001.

      For the foregoing reasons, the Court hereby remands this action to the Superior Court of California, County of Santa Barbara, No. 1301757, because the Court lacks subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.